CHARLES C. PETERSON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Argued and Submitted April 9, 1914. Opinion Filed June 2, 1914.

1. EVIDENCE: Judicial Notice: Municipal Ordinances. Courts do not take judicial notice of municipal ordinances.

2. APPELLATE PRACTICE: Presumptions. The proceedings of the trial court are presumptively correct.

3. ————: Review: Evidence not Incorporated in Abstract. A municipal ordinance which is not set out, either in substance or in full, in the abstract of the record will not be construed, on appeal, nor the question of whether an instruction given was in accord with its provisions determined.

4. STREET RAILWAYS: Failure to Sound Gong: Proximate Cause. In an action for injuries sustained in a collision between a street car and an automobile in which plaintiff was riding, where there was evidence tending to show that the automobile became stalled on the track when the car was at least six hundred feet away, that the crew saw that it was so stalled, and that, beyond the fact that plaintiff saw, or could have seen, that the car continued to move, he had no reason to suppose that it would not be stopped before reaching the automobile, held that, although the general rule is, that no one need have warning of an approaching danger which he sees, nevertheless it was not error for the court to instruct, under the facts of this case, that plaintiff was entitled to recover if the jury found that his injury was caused by the negligence of defendant in failing to sound the gong or give other warning of the approach of the car, while it was propelled to the point of collision at a high and dangerous rate of speed, since the jury had the right to infer from the evidence that if the gong had been sounded, it would have given plaintiff warning that the car was not going to stop, thereby causing him to get out of the automobile and escape injury. [NORTONI, J., dissents.]

5. APPELLATE PRACTICE: Harmless Error. The appellate courts are admonished by Sec. 2082, R. S. 1909, not to reverse judgments unless the court shall believe that error was committed by the trial court against appellant, materially affecting the merits of the action.

NORTONI, J., dissents.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED. CAUSE CERTIFIED TO SUPREME COURT.

*Boyle & Priest* and *T. E. Francis* for appellant.

(1) Plaintiff's instruction number 1 is erroneous, because it permitted a recovery by plaintiff if the jury found that the conductor failed to keep a vigilant watch, as required by the so-called "Vigilant Watch Ordinance" of the city of St. Louis, when, under the

law, a recovery could he had only in the event the motorman failed to keep such lookout. Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373; Heinzle v. Railroad, 182 Mo. 528. (2) Plaintiff's instruction number 1, which authorized the jury to find for plaintiff if they found that defendnt's agents in charge of the car "failed to ring the bell or gong on said car or give other audible notice or warning of the approach of said car," is erroneous, for the reason plaintiff testified that he was fully cognizant of the approach of the car, and, therefore, the failure to ring the bell or gong or give him other warning of its approach was not the proximate cause of the collision and could not properly be made a predicate of a recovery. Murray v. Transit Co., 176 Mo. 183; Haller v. City of St. Louis, 176 Mo. 606; Hutchinson v. Railroad, 195 Mo. 546; Heintz v. Transit Co., 115 Mo. App. 667; Heinzle v. Railroad, 182 Mo. 528; Mockowik v. Railroad, 196 Mo. 550; Young v. Railroad, 227 Mo. 307.

*Willis H. Clark* for respondent.

(1) Under the circumstances disclosed in evidence the submission to the jury of the question of negligence "on the part of defendant, through its servants, agents or employees in charge of said car," rather than that of the negligence of defendant through its "motorman" alone, was proper. Gebhardt v. St. Louis Transit Co., 97 Mo. App. 373; Heinzle v. Railroad, 182 Mo. 546; Williamson v. Railroad, 133 Mo. App. 375; Olsen v. Railroad, 152 Mo. 426; Bunyan v. Railroad, 127 Mo. 12; Walker v. Railroad, 173 Mo. App. 81; Jackson v. Railroad, 171 Mo. App. 430; Zander v. Transit Co., 206 Mo. 445; Murphy v. Railroad, 228 Mo. 56; Cotner v. Railroad, 220 Mo. 284; Wilson v. Transit Co., 233 Mo. 50; McWilliams v. Railroad, 172 Mo. App. 318; Hudson v. Railroad, 173 Mo. App. 611; Gabal v. Railroad, 251 Mo. 257. (2) The failure to give any signal of the

approach and passage of the car, under the circumstances disclosed in evidence, was a factor of negligence on the part of defendant which plaintiff was entitled to have submitted to the jury for their decision as to the cause of the accident. McKinzie v. United Railways Co., 216 Mo. 1; Kinler v. Street Railway Co., 216 Mo. 145; Dahmer v. Street Railway Co., 136 Mo. App. 443; Bilhimer v. Street Railway Co., 137 Mo. App. 675; Batsch v. Street Railway Co., 143 Mo. App. 58; Parrish v. Street Railway Co., 140 Mo. App. 700; Williams v. Street Railway Co., 149 Mo. App. 489; Ellis v. Street Railway Co., 234 Mo. 657; Legg v. Street Railway Co., 154 Mo. App. 290; Smith v. Street Railway Co., 169 Mo. App. 610; Clover v. Railroad, 149 Mo. App. 413; Cytron v. Transit Co., 205 Mo. 692. (3) In the absence of a showing that specific objections were made to the instructions in the court below as to the particulars here complained of, the judgment should be affirmed. Kirby v. Lower, 139 Mo. App. 677; Ilgen-fritz v. Railway, 155 S. W. 854. (4) There is no showing of sufficient ground for reversal. Simon v. Railway Co., 231 Mo. 65; Schuepbach v. Gas Co., 232 Mo. 603; Shinn v. Railroad, 248 Mo. 173; Honea v. Railroad, 245 Mo. 621.

REYNOLDS, P. J.—This is an action to recover damages for injuries sustained by plaintiff while riding in an automobile which became stalled along the southwestward bound track of defendant's railway, on Gravois avenue in the city of St. Louis, it being set out in the petition that while the automobile was so stalled, one of defendant's cars, operated upon the track and in charge of a motorman and conductor, collided with the automobile thereby inflicting injuries upon plaintiff for which he prayed judgment. The petition is not set out in full but from the synopsis of it the allegations of negligence appear to be, first, that the employees and servants of defendant in charge

of the car carelessly and negligently failed and omitted "to observe and comply with the provisions of said section 1865, in that they caused and permitted said car, immediately prior and down to the time of such collision, to be propelled along and upon said street railway track on said Gravois avenue, within said outer district, for a distance of more than 300 feet and to the point of such collision, at a speed greater than the rate of fifteen miles per hour and at a high and dangerous rate of speed, to-wit, twenty-five miles per hour, whereby plaintiff, being a passenger in said automobile vehicle so upon said street and track, was placed in a situation of great and extreme danger and was prevented from removing therefrom in time to avoid such injury and damage by any act on his part.

"Second: Said employees and servants of defendant, at such time and place and while said car was approaching the point of such collision, carelessly and negligently failed and omitted to observe and comply with the provisions of said section 1864, in that they failed to keep a vigilant watch for vehicles and persons on foot or moving toward said track," etc.

"Third: Said employees and servants of defendant at such time and when said car was within about sixty feet of said automobile vehicle discovered the same upon said track and in danger of being struck by said car, and said employees and servants then and there carelessly and negligently failed and omitted to observe and comply with the provisions of said section 1864, in that upon first so discovering the appearance of such danger to said vehicle and plaintiff as a passenger therein they failed and omitted to stop said car in the shortest time and space possible," etc.

"Fourth: Said employees and servants of defendant immediately prior to and down to the time of such collision carelessly and negligently caused and permitted said car to be propelled upon said street

railway track and along said Gravois avenue for a distance of more than 300 feet and to such a point of such collision at a high and dangerous rate of speed, to-wit, twenty-five miles per hour, and carelessly and negligently failed and omitted to ring the bell or gong with which said car was provided or to give any other audible notice or warning of the approach or passage of said car," etc.

The answer was a general denial and plea of contributory negligence. There was a reply to the latter.

A trial before the court and jury resulted in a verdict for plaintiff in the sum of $6000, judgment following, from which defendant, making its motion for new trial, and that being overruled, saving exception, has perfected its appeal to this court.

The abstract of the testimony in this case is in such condition that it is impossible for us to intelligently pass upon one of the points relied upon for reversal, that is, that the "vigilant watch" ordinance, as it is called, does not apply to a conductor but only to a motorman. It will be observed the first, second and third counts of this petition averring negligence, count upon violation of certain ordinances of the city of St. Louis. In those parts of the petition abstracted it is said that certain acts were done in violation of the "provisions of said section 1865," and that defendant had "failed and omitted to observe the provisions of said section 1864." What sections are here referred to, whether of the statute or ordinances, does not appear in the abstract of the petition. It is not recited that these are sections or numbers of ordinances and no ordinances whatever, either as to rate of speed or vigilant watch are in the abstract. Probably the introductory or preliminary paragraph of the petition explained this, but appellant has omitted it. It does appear by statements of counsel that certain ordinances were given in evidence, but what they are does not appear and they are not before us. We cannot take ju-

dicial notice of ordinances which are not embodied either in full or in substance in the record. The instructions proceed upon the theory of a violation of sections 1865 and 1864 of ordinances 22902 of the city of St. Louis, and the instructions recite that they were read in evidence. But as above noted they are not before us. We must assume that they were before the court and that the first, second and third clauses of the instruction were in accord with the ordinances, as every presumption is to be indulged as to the regularity of the proceedings of the trial court. We therefore cannot review the action of that court in construing and applying the ordinance. An appellant must show error, the presumption always being in favor of right action by the trial court.

There remains one other point raised, which we can consider; that is whether failure to ring a bell or sound a gong was a proximate cause of the accident.

The instruction given at the instance of plaintiff is a long one. Its introductory clause, in substance, tells the jury that if they believe that defendant is a corporation operating a street railway in the city of St. Louis along Gravois avenue at or near its intersection with Blow street, these streets being within the outer district specified in section 1865 of ordinance 22902 of that city, read in evidence, that at the time and place mentioned plaintiff was a passenger in an automobile proceeding along Gravois avenue, that at the time the engine of this automobile ceased to work and the automobile came to a stand along the track of the street railway at or near the above point, that the car of defendant operated by it through its motorman and conductor in charge thereof came along this track and ran against and upon the automobile with such force and violence that plaintiff was then and there thrown from the automobile and received injury to his person

and damage to his property, as referred to in the evidence;

"And if you further believe and find from the evidence that such collision and injury and damage was caused by and directly due to carelessness and negligence and want of care and caution on the part of defendant (as defined in other instructions herein), through its servants, agents or employees in charge of said car, in either of the following particulars:"

Then follow three clauses, all in the disjunctive, and on violation of the omitted ordinances. The fourth clause, which is the only one complained of is this:

"Fourth: In failing and omitting to ring the bell or gong with which said car was provided or to give any other audible notice or warning of the approach of said car, while said car was propelled upon said track about 300 feet to the point of such collision at a high and dangerous rate of speed."

The whole instruction concluding:

"And if you further believe and find from the evidence that there was no carelessness or negligence on the part of plaintiff which caused or directly contributed to cause the injuries and damages referred to, then your verdict should be for the plaintiff."

Plaintiff was thrown from the car and received very serious injuries from which he suffered for a considerable time. It is argued that as the evidence showed that the car was coming down the track toward where the automobile was stalled, in full view of plaintiff and the other occupants of the car, that the omission to ring the bell or sound the gong had no causal connection with the accident. The argument is, that as plaintiff saw the car coming, sounding the gong or failure to sound it, was not a contributing cause. While that is the general rule, the question is, is it applicable here?

This particular clause in this instruction has, in a way, a double aspect. It rests not only upon the failure

to ring the bell or sound the gong but upon excessive speed; such failure coupled with "high and dangerous rate of speed," being charged as the cause.

The abstract of the testimony is not complete. We gather this from it: When the automobile stalled its front wheel was slightly on or over the left track of the railroad, so that a car could not pass, the automobile facing the on-coming car. The driver of the automobile was engaged in trying to start it. Plaintiff, a passenger in the automobile, saw the car when it was about two blocks (600 feet) away, then coming down grade. He does not seem to have watched the car. He testifies that knowing the stalled automobile was in plain sight of the motorman, he never expected the car would run into the automobile. When the car was about a block away, Mr. Westermayer, who was handling the automobile, saw the car, raised his hand and waved at the motorman. The car did not seem to slack up. Plaintiff also raised his hand and said to Mr. Westermayer, "For Heaven's sake, aint that car going to stop?" That is all he remembers, for the car immediately struck the automobile and plaintiff was knocked out of it and was senseless for some time thereafter, not regaining consciousness until in his home. When he made this exclamation this car was about fifty feet away; had not slacked its speed, coming on at twenty or twenty-five miles an hour. As he called out plaintiff turned his back to the car, "grabbed" his little girl, who was seated behind him, and was knocked out of the automobile. On cross-examination plaintiff said he did not watch the car after he first saw it; expected the car to stop every minute; thought it was going to stop; did not notice it again until it was right on them.

Mr. Westermayer testified to the same effect. He was not watching the car but working with the automobile, trying to get it to move and clear the track.

The conductor and motorman testifying for de-

fendant, admit that they saw the automobile was in trouble when the car was about 600 feet away and at the top of the grade. The automobile was driven first on one track, then on the other and then between the two tracks. According to their own testimony the employees in charge of the car made no effort to slack up until within about fifty feet of the automobile and then it was too late.

Applying to this evidence the test of their own experience and knowledge, the jury had a right to infer that if the gong of the car had been sounded, it would have been a warning that the car was not going to stop and that people and vehicles on the track must clear the track. In common experience of every-day city life, all know this and act upon it.

The general rule, as stated, is that no one need have warning of an approaching danger which he sees, but the facts here seem to take it out of that rule, and there are cases which seem to recognize that this may happen. Thus in Murray v. St. Louis Transit Co., 176 Mo. 183, l. c. 189, 75 S. W. 611, it is said that if plaintiff had not seen the car a half block away, as he says he did, and did not see it until he had passed into dangerous proximity to it, in that condition, if the gong had been sounded, it might have given him warning which he might have heeded.

In Frank v. St. Louis Transit Co., 112 Mo. App. 496, 87 S. W. 88, Judge Goode, speaking for our court and treating of the failure to sound the bell, has said (l. c. 507): "Sounding a bell might have sharpened the sense of peril he felt, but could not have stimulated his efforts to escape from the position he (plaintiff) was in. If it had been possible to turn around and go in any other direction and thus get out of the way of the northbound car, warning signals might have been useful; but he swore he could not turn around for lack of space between the southbound car, which was close on him, and the excavation."

In the case at bar, if this plaintiff had been warned by the sounding of the gong that there was no intention to stop the car, he could probably have escaped injury by leaping from the automobile.

In Bectenwald v. Metropolitan Street Ry. Co., 121 Mo. App. 595, 97 S. W. 557, the Kansas City Court of Appeals held (l. c. 603): ''While every one is required to look out for his own safety, something more is required of defendant, viz.: The safety of others, because it is operating dangerous machinery. In this case plaintiff was traveling along a public street of the city near or upon the defendant's tracks where he had equal rights with defendant. The position of defendant is that it was not necessary to give him warning until the motorman discovered that he was not going to get off, or away from the tracks. It seems that this discovery was too late to prevent the collision. The operator of the street railway has no right to place a person who is lawfully on the street in peril. But it assumed that plaintiff by being on or near the tracks placed himself in peril. If this is true defendant's argument falls to the ground, for it cannot be denied that such being the case the duty to give warning of the approach of the car was imperative. *But he was not in peril until after the motorman failed to give him warning that he wanted to pass by him. It was a failure of duty upon the part of the motorman in not giving plaintiff such warning before he attempted to pass him, that brought about the peril.''* (Italics ours.) It is true that in this Bectenwald case, plaintiff did not look back as he drove along the street, partly on the tracks of the defendant road and trusted to his sense of hearing to advise him of danger from the rear, but we think the remarks of the court are, in a measure, applicable here.

In 2 White, Personal Injuries on Railroads, while giving the rule that if a traveler sees or knows of an approaching train in time to avoid a collision, the failure to give a signal or warning cannot be said to

be the proximate cause of an injury, if one occurs, it is said, section 966, page 1415, "But although the evidence might show that an injured traveler at a highway crossing had notice of the approach of a train, if the evidence on other phases of the case, going to show the defendant's negligence, is conflicting, as where it is an open question if the knowledge of the approach of the train was in time to have avoided the injury, it is error for the trial court to tell the jury that they should not consider the failure to sound the whistle or ring the bell, in determining the question of the defendant's negligence, as this, like any other omission of duty, on the defendant's part, is always a relevant fact, that may be properly considered, in determining the issue of the defendant's negligence."

In what we have said as to this particular instruction it is to be borne in mind that the automobile in which plaintiff was a passenger was "dead" on the tracks of defendant's road, or so near to those tracks that a car could not pass. The crew of the car saw this; saw that the automobile was in trouble; was in a place of danger. With this knowledge they ran down upon the automobile without any attempt to stop until the attempt was too late, and beyond the fact that the occupants of the automobile saw or could have seen that the car was moving down toward them, they had no reason to suppose that it would not be stopped before reaching them. Present such facts, we think that they were entitled to the warning which sounding the gong would have given that those in charge of the car intended to keep on.

We therefore cannot say, as a matter of law and as applied to the facts in this case, and under the facts in this case, that the failure to give notice by sounding the gong, did not have the effect of leaving the people in the automobile to believe that those in charge of the car, seeing the helpless condition of the automobile, would stop, and that failure to sound the gong did not

tend to confirm this belief. The whole thing was one of seconds; a second or two of warning would have enabled those in the car to jump to safety. We not only think the instruction warranted but that giving it is not reversible error. Coupled with the excessive speed, this failure to sound the gong was a factor for the consideration of the jury.

We are admonished by section 2082, Revised Statutes 1909, not to reverse a judgment of a trial court unless we ''shall believe that error was committed by such court against the appellant . . . and materially affecting the merits of the action.'' We find no such reversible error here. The case strikes us as exhibiting gross carelessness and disregard of the safety of wayfarers on the part of defendant's employees.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.

## ON MOTION FOR REHEARING.

A motion for rehearing having been filed herein and duly considered, is overruled, *Reynolds, P. J.,* and *Allen, J.,* concurring, *Nortoni, J.,* dissenting, and he deeming the opinion of the court contrary to previous decisions of the Supreme Court in Murray v. St. Louis Transit Co., 176 Mo. 183, 75 S. W. 611, and other like cases, it is ordered by the court of its own motion that the judgment of affirmance heretofore entered be vacated, and this cause be and it is hereby certified and transferred, together with the original transcript therein to the Supreme Court.