DAVID J. ROSEMANN, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, May 8, 1917.

1. **NEGLIGENCE: Assignment not Supported by Evidence: Withdrawal from Jury: Instructions.** An assignment of negligence which is not supported by substantial evidence should not be submitted to the jury, and, in such case, the refusal of an instruction, in due form, requested by defendant, that plaintiff is not entitled to recover under or upon such assignment of negligence, is prejudicial error.

2. ————: **Verdicts: Determination of Assignment Verdict is Based Upon.** Where the petition contains several assignments of negligence, and the case is submitted to the jury without any instructions on the part of plaintiff, it is impossible to say upon which one or more of such assignments a verdict for plaintiff is based.

197 M. A.—22

3. ———: Assignment not Supported by Evidence: Withdrawal from Jury: Form of Instruction. In a negligence case, it was not error to refuse an instruction, that plaintiff was not entitled to recover upon a certain assignment of negligence and that the jury "must return a verdict for defendant as to such assignment," although no evidence was adduced in support of such assignment, since the jury returns only one verdict, and the inclusion of the quoted words, therefore, made the requested instruction defective in form.

4. NEW TRIAL: Discretionary Grounds: Damages: Excessive Verdict. The granting of a new trial on the ground that the verdict is excessive rests largely within the sound discretion of the trial court, and a ruling of that character will not be disturbed, on appeal, unless the court acted in an arbitrary or improvident manner.

5. ———: ———: ———: ———. In an action for personal injuries, consisting of a broken right shoulder, resulting in a permanent impairment, to some extent, of the use of the right arm, and a gash from eye to ear, which left a bright red scar, three inches, or more, in length and one-fourth of an inch wide, held that the action of the trial court in setting aside a verdict for $5000 as being excessive was not an abuse of discretion.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones*, Judge.

AFFIRMED.

*William A. Kane* for appellant.

(1) The Vigilant Watch Ordinance and the speed ordinance of the city of St. Louis is declaratory of the municipality's approval of the humanitarian or last chance doctrine. Thompson v. Livery Company, 214 Mo. 487; Martin v. United Railways Co., 186 Mo. App. 576; Kaiser v. United Railways Co., 155 Mo. App. 428; White v. Railroad, 202 Mo. 539. (2) The verdict in this case was for the right party and should not be disturbed. Thompson on Trials, section 2402; Pratte v. Cabanne, 12 Mo. 194; Homuth v. Metropolitan Street Railway Co., 129 Mo. 629; Bartley v. Metropolitan Street Railway Co., 148 Mo. 124; Moore v. Lindell Ry. Co., 176 Mo. 528. (3) The assignments of negligence pertaining to the ordinance set forth in the petition were abandoned and no evidence was offered thereon. Hence,

it was not necessary to insult the intelligence of the jury to tell them to disregard matters not in the case. De-Witt & Co. v. Buford, 173 Mo. App. 78; Jackson v. Railroad Co., 171 Mo. App. 430; Fisher v. Transit Co., 198 Mo. 562; Boullion v. Gas Light Co., 165 Mo. App. 321; Hovaska v. Transit Co., 191 Mo. 442. (4) The court below properly refused the two instructions complained of because, in form, they were misleading, and tend to confuse the jury, as they require the jury peremptorily to find verdicts for defendant as to the respective acts of negligence. This would have necessitated the jury bringing in at least three verdicts, if they found for the plaintiff. Parker, Adm., v. Moore, 29 Mo. 218; Dailey v. City of Columbia, 122 Mo. App. 21. (5) The matter covered by the refused instructions offered by defendant were fully covered by the other nine instructions given for defendant; and, as plaintiff asked for no instructions, the action of the court would be simply non-direction and not misdirection. Gaty v. Sack, 19 Mo. App. 477; Hufft v. Dougherty, 184 Mo. App. 374; Johnson v. Railroad, 259 Mo. 536; Murphy v. Clancy, 177 Mo. App. 429; Hatfield v. Swift, 174 Mo. App. 705. (6) The evidence amply sustained the amount of the verdict found by the jury, as a casual reading of the evidence as to plaintiff's injuries will abundantly show. Haxton v. Kansas City, 190 Mo. 53.

*G. T. Priest* and *Chauncey H. Clarke* for respondent.

(1) The court erred in refusing to give the requested instructions withdrawing the several assignments of negligence concerning which there was no evidence to support them, and its action in granting defendant a new trial on that ground, was correct. Allen v. Lumber Company, 171 Mo. App. 503; Chicago, etc. Ry. Co. v. Kroloff, 217 Fed. 525. (2) The court very properly sustained defendant's motion for new trial, on the ground that the verdict was excessive. This ground involves the exercise of judicial discretion and will not be

disturbed on appeal, except that it is plainly abused. Hopkins v. City, 164 Mo. App. 682; Devine v. City, 257 Mo. 470.

BECKER, J.—This is a suit for damages for personal injuries sustained by plaintiff being struck by one of defendant's street cars while plaintiff was driving a horse, attached to a wagon, across the tracks at 25th street and Farrar avenue, in the city of St. Louis. The injuries were sustained January 11, 1912. The plaintiff on the first trial of the case, a jury being waived, recovered a judgment. The defendant introduced no testimony but stood on its term bill of exceptions to the overruling by the trial court of its motion to make the petition more definite and certain. On appeal to this court the case was reversed and remanded. On rehearing of the case, with a jury, judgment in the sum of $5000 was awarded plaintiff. The trial court granted defendant's motion for a new trial on the ground that it had erred in refusing certain instructions asked by the defendant, and on the ground that the verdict was excessive. From the court's action in sustaining defendant's motion for a new trial, plaintiff appeals.

The plaintiff's second amended petition contains five assignments of negligence, all in one count; three of these assignments are of negligence at common law, and one thereof alleges violation of the speed ordinance, and the other a violation of the vigilant watch ordinance of the city of St. Louis, each of which ordinances are set out in full in the petition. The answer is a general denial and a plea of contributory negligence on the part of the plaintiff.

As to the facts in the case it is sufficient to state that plaintiff was a man thirty-eight years old at the time of the accident and a strong healthy man; that the car of the defendant struck the rear end of a wagon driven by the plaintiff, in attempting to cross the defendant's tracks, and plaintiff was thrown from the wagon. He had his right shoulder broken, as a result of which he has suffered a permanent impairment, to some extent,

of the use of his right arm, and his face was cut—a gash from his right eye to the ear—which has left a bright red scar some three inches or more in length and one-fourth of an inch wide. The plaintiff failed to introduce in evidence either of the ordinances pleaded in the petition. At the conclusion of the testimony the plaintiff offered no instructions. The court gave nine instructions for, and refused six instructions offered by, the defendant.

Among the instructions requested by defendant and which the court refused to give, were instructions numbered 1 and 2, as follows:

"1. The court instructs the jury that the plaintiff is not entitled to recover under or upon the assignment of negligence which charges that: 'By an ordinance of the city of St. Louis, Missouri, regulating and governing the operation of street cars in said city, then and there in full force and effect, section 1865, Revised Code of St. Louis, 1907, it was provided that: "No car shall be drawn or propelled at a speed greater than the rate of ten miles per hour in that part of the city bounded by the Mississippi river on the east, Arsenal street on the south and Grand avenue and its prolongation to said river on the west and north, inclusive, of both said streets, said district so bounded to be known as central district, and no car shall be drawn or propelled at a speed greater than at the rate of fifteen miles per hour in that part of the city not included in the said central district above bounded and described, to be known as the outer district. But nothing in this section shall be construed as sanctioning or allowing any car at any time or any place to run at any rate of speed which may be dangerous to the safety of passengers or persons on the streets." Plaintiff states that contrary to the requirement of said ordinance and in violation thereof, defendant's agents and servants operated said car, then and there in the central district at a rate of speed greater than ten miles per hour, and consequently collided with and struck plaintiff and injured him as aforesaid,' you must return

a verdict for defendant as to said assignment of negligence.''

"2. The court instructs the jury that the plaintiff is not entitled to recover under or upon the assignment of negligence, which charges that: 'By an ordinance of the city of St. Louis, regulating and governing the operation of street cars in said city, then and there in full force and effect, it is provided that: ''The conductor, motorman, gripman, driver or any other person in charge of street cars shall keep a vigilant watch for all vehicles or persons on foot, especially children, either on the track or moving toward it; that on the first appearance of danger to such persons or vehicles, the car should be stopped within the shortest time and space possible.'' Plaintiff states that, contrary to the requirement of said ordinance, and in violation thereof, defendant's agents and servants in charge of said car then and there failed to keep a vigilant watch for persons on the track or moving toward it, and consequently collided with and struck plaintiff and injured him,' *you must return a verdict for defendant as to said assignment of negligence.''* (Italics ours).

1. It is elementary that an assignment of negligence, concerning which no substantial evidence is adduced to support it, should not be submitted for the consideration of the jury, and that where the defendant requests an instruction in due form, instructing the jury that plaintiff is not entitled to recover under or upon such specific assignment of negligence, the court should give it, and a refusal thereof under such circumstances is prejudicial error and a cause for reversal.

In the present case, where there were five assignments of negligence, including the two based on the ordinances, it is impossible to say, the jury having returned a verdict for the plaintiff, on which one or more of the assignments of negligence the jury based its verdict. [Allen v. Lumber Co., 171 Mo. App. l. c. 503, 157 S. W. 661; Chicago, etc., Railroad Co. v. Kroloff, 217 Fed. 525.] However, defendants refused instructions numbered 1

and 2 are not without fault, and, in the form requested, are subject to criticism, in that the concluding words, "you must return a verdict for defendant as to said assignment of negligence," should have been left out. The jury returns but one verdict though there may be many assignments of negligence, and therefore it is sufficient for the court to instruct the jury that the plaintiff was not entitled to recover upon the particular assignment of negligence based on the violation of either of the ordinances pleaded.

It therefore follows that the court properly refused to give these instructions in the form set out supra.

2. The trial court held the verdict was excessive and assigned that as another ground for granting the defendant a new trial. It is almost axiomatic and trite to again say that the granting of a new trial on this ground rests largely within the sound discretion of the trial court, and its action in that regard will not be disturbed on appeal unless it appears that its discretionary power has been exercised in an arbitrary or improvident manner. [Devine v. City of St. Louis, 257 Mo. 470, 165 S. W. 1014; Hopkins v. City of Springfield, 164 Mo. App. 682, 147 S. W. 1099; Hawber v. Springfield Traction Co., 154 Mo. App. 52, 134 S. W. 704.]

In Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, it is said:

"The learned trial court assigns as a reason for granting a new trial that the verdict was excessive. That is a point peculiarly within the province of the trial judge. It is one that he is better qualified to judge than an appellate court, the law puts that important responsibility upon him and it advances the cause of justice when the trial judge courageously performs that duty."

An examination of the record in this case fails to show any abuse of this discretionary power on the part of the trial court. The judgment is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.