WALTER LATHAM, Respondent, v. G. CARLETON HOSCH, Appellant.

St. Louis Court of Appeals.   Opinion Filed July 8, 1921.

1. **EVIDENCE: Admissions: Competency.** Admissions of a party to a suit are competent, and they may be used by plaintiff in proving his cause of action.

Latham v. Hosch.

2. ———: ———: Trial Practice: Denial of Admissions: Question for the Jury. Although the defendant in his testimony denied that such admissions were made by him, it is for the jury to determine whether the evidence of the admissions of defendant is true or false.

3. TRIAL PRACTICE: Instructions: Withdrawing Issues from the Jury. The defendant is entitled to have every feature of the case upon which, plaintiff was not entitled to recover withdrawn from the jury, when such request is submitted in a clear and distinct withdrawal instruction, but such instruction must be clear and unambiguous and leave the matters to be withdrawn in no doubt nor intermingled with other matters properly in the case.

4. NEGLIGENCE: Automobiles: Collision: Case for the Jury. In an action for damages on account of a collision between an automobile owned by the defendant and one owned by the plaintiff, in which collision it was alleged plaintiff's machine was damaged, *held* it was a question for the jury whether it was negligence, in the absence of any ordinance, for the driver of defendant's car to operate same on the left-hand side of the street under the circumstances of the case.

5. TRIAL PRACTICE: Instructions: Ordinances: Withdrawing Issues: Erroneous: Properly Refused. In an action for damages on account of a collision between automobiles, an instruction asking the withdrawal of an allegation of negligence in driving defendant's automobile south of the center line of the street in violation of an ordinance, *held* properly refused, in that the instruction does not refer to the ordinance with sufficient definiteness, and that same comprehends an allegation of negligence contained in the petition which was properly before the jury, and the jury could not be referred to the petition to ascertain what particular ordinance defendant was alleged to have violated.

6. NEGLIGENCE: Automobiles: Collision: Contributory Negligence: Not Shown as a Matter of Law. In an action for damages on account of a collision between automobiles, *held*, under the evidence, that plaintiff was not guilty of such contributory negligence as would bar his recovery as a matter of law.

7. APPELLATE PRACTICE: Trial Practice: Remarks of Counsel: Improper: Objection Sustained: Failure to Request Rebuke: Effect. Where defendant's counsel objected to remarks of plaintiff's counsel, and the trial court thereupon admonished the jury to disregard any remarks of counsel that are not based on the evidence, and it does not appear that defendant requested the court to

rebuke counsel or to administer a more severe reprimand, or ask for the discharge of the jury, no complaint can be made on that point in the appellate court.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Frank Landwehr*, Judge.

AFFIRMED.

*Koerner, Fahey & Young* for appellant.

(1) That there is not sufficient evidence in said cause to raise an issue in behalf of respondent as to whether or not the automobile was being operated on the occasion in question by the man Jackson by or with the consent of, or under the direction of, this appellant, or for or in behalf of this appellant. Guthrie v. Holmes, 272 Mo. 215. (2) The court erred in refusing to give a withdrawal instruction to the jury requested by the appellant, the respondent having asked only an instruction on the measure of damage, when said withdrawal instruction eliminated from the jury the consideration of a certain city ordinance which had not been introduced in evidence in said cause. (3) The contributory negligence of respondent as a matter of law wherein respondent testified that he saw appellant's car moving westwardly on Washington avenue when it was one hundred (100) feet east of respondent's machine, knew that it was moving very rapidly (thirty to thirty-five miles an hour) and respondent cuts in ahead of this onrushing car, and on cross-examination testified that if he had brought his machine to a standstill instead of taking the chance, the accident would not have happened. (4) The improper remarks to the jury by counsel for respondent. Haake v. Milling Co., 168 Mo. App. 180; Buck v. Buck, 267 Mo. 660.

*Kelley, Starke & Moser* for respondent.

(1) Respondent did not rely upon a presumption that appellant's employee Jackson was acting within

the scope of his employment at the time of the collision, but introduced positive testimony to that effect in the form of admissions made by appellant concerning that fact. (2) Admissions of a party to a suit are as competent as any other form of evidence and may be used as original testimony, and a cause of action may be proven by the introduction in evidence of admissions made by the defending party. Black v. Epstein, 221 Mo. 286; Smith v. Witton, 69 Mo. 458; Sills v. Burge, 141 Mo. App. 148; 22 Corpus Juris, 424. (3) Where an admission is later repudiated or denied, the question of fact thus created is for the jury. Kirkwood, etc. v. Van Ness, 61 Mo. App. 361; Kirkpatrick v. Railway Co., 211 Mo. 68. (4) Appellant's instruction seeking to withdraw from the jury the assignment of negligence to the effect that appellant's automobile was being negligently operated south of the center line of Washington Avenue was properly refused because there was substantial testimony to establish that fact and because the reference to an ordinance contained in said instruction was improper and constitutes mere surplussage. (5) An instruction requiring the jury to refer to a pleading in order to properly understand it, is erroneous and properly refused. Webb v. Carter, 121 Mo. App. 147; Bank v. Dowler, 163 Mo. App. 65; Sinnamon v. Moore, 161 Mo. App. 168; Small v. Ice Co., 179 Mo. App. 456. (6) Respondent was not guilty of contributory negligence as a matter of law. (7) If appellant's counsel was not satisfied with the ruling of the court on his objection to respondent's argument, it was his duty to request the court to discharge the jury, or to give a further reprimand or rebuke. His failure to do so precludes him from complaining of the court's action on appeal. State v. Anderson, 252 Mo. 72; State v. Harrison, 263 Mo. 662-3; McKinney v. Laundry Co., 198 Mo. App. 386; Harriman v. Dunham, 196 S. W. 443.

DAUES, J.—This is an action brought by plaintiff for damages on account of a collision between an auto-

mobile owned by the defendant and one owned by the plaintiff, in which collision it is alleged plaintiff's machine was damaged. The collision occurred on November 7, 1917, at the intersection of Washington avenue and Whittier street in the city of St. Louis, and is the same accident involved in the personal injury suit of Ethel Pinteardd, Administratrix of the estate of Scott Pinteardd v. G. Carleton Hosch, No. 16,653, decided by this court at this term in an opinion not yet reported.

The allegations of negligence in this case are that the driver of the defendant's car negligently failed to sound a horn, failed to keep a vigilant or any watch for automobiles at said intersection of said streets, or reduce the speed of his machine, or have same under control, operating it at a high and dangerous rate of speed, and, finally, that he negligently operated said machine south to the center line of Washington avenue in violation of section 1327 of an ordinance of the city of St. Louis, which provides that a vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as possible.

The answer is a general denial and a plea of contributory negligence. The reply is a general denial. The cause was tried on March 24, 1919, before the court and jury and resulted in a verdict of $322.30 in favor of the plaintiff. Defendant appeals.

Our opinion in the case of Pinteardd v. Hosch, No. 16653, contains a more complete statement of the facts and circumstances attending this accident, as contained in that record. The record in this case discloses that the plaintiff owned an automobile and on the night of the accident was riding with one Scott Pinteardd in his machine intending to take him home from his work. He drove south on Whittier street to the intersection of Washington avenue, and after making the turn into Washington avenue he discovered defendant's car coming west on Washington avenue about a hundred feet away, when it swerved to the left of said street at a terrific rate of speed, striking plaintiff's automobile and

causing it to be damaged. Plaintiff and Scott Pinteardd were in the front seat of plaintiff's car and defendant's car was driven by one William Jackson.

Appellant assigns as error:

First, that there is not sufficient evidence in the case to raise an issue in behalf of the plaintiff as to whether or not the automobile was being operated on the occasion in question by the defendant's employee, Jackson, in the scope of his employment;

Second, that the court erred in refusing to give a withdrawal instruction requested by the defendant, by which certain allegations of negligence were to be withdrawn from the consideration of the jury;

Third, that plaintiff should have been held guilty of contributory negligence as a matter of law, and,

Fourth, that certain remarks of counsel for plaintiff to the jury were improper.

The first complaint of appellant is that there is not sufficient evidence in the case to raise an issue in behalf of plaintiff as to whether defendant's automobile was being operated on the occasion in question by the driver, Jackson, for and in behalf of the defendant. We have discussed this question in the Pinteardd case, and therefore will not again review authorities under that point.

It is enough to say that the case of Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854, relied upon by counsel, is not in point. The plaintiff here does not rely upon any presumption that Jackson was acting within the scope of his employment as the chauffeur for defendant, but on the contrary plaintiff adduced evidence in the nature of admissions made by the defendant tending to prove that on the occasion in question Jackson was operating the defendant's automobile on the business and in the service of the defendant, in that on said occasion the employee, Jackson, was returning in the defendant's automobile to the defendant's home after having gone to the station to mail a special delivery letter for and under the direction of the defendant.

Admissions of a party to a suit are competent and they may be used by plaintiff in proving his cause of action. [Black v. Epstein, 221 Mo. 286, 120 S. W. 754; Smith v. Witton, 69 Mo. 458.] And although the defendant in his testimony denied that such admissions were made by him, it is for the jury to determine whether the evidence of the admissions of defendant is true or false. [Kirkwood v. Van Ness, 61 Mo. App. 361.]

It is next argued that the court erred in refusing to give the withdrawal instruction requested by the appellant.

Plaintiff's petition alleges the violation of a certain specific duty under the common law, and, further, the violation of an ordinance of the city of St. Louis, to-wit section 1327 of the Revised Code of St. Louis, which, in effect, provides that a vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as possible.

The plaintiff offered only one instruction, and that was on the measure of damages, and submitted the question of defendant's negligence without direction by the court. The refused instruction is in the following language.

"The court instructs you that the plaintiff in his petition charges that the defendant was guilty of negligence in the following particular, to-wit:

'Plaintiff further states that defendant's said automobile while being operated westwardly on said Washington avenue at or near its intersection with said Whittier street, was being negligently operated south of the center line of the said Washington avenue in violation of said ordinance.'

"As to this charge of negligence the court instructs you that under the law and the evidence in this case the plaintiff is not entitled to recover and you will, therefore, not consider this charge of negligence in arriving at your verdict." .

The ordinance was not introduced in evidence.

Observably, this instruction sought to take from the consideration of the jury the allegation in the petition that the machine was negligently operated south of the center line of Washington avenue and is not confined to the allegation of ordinance violation alone. To have given this instruction would have taken from the case everything referring to the alleged negligence of defendant's agent in driving and operating the car south of the center line of Washington avenue, or on the left-hand side of that street instead of the right-hand side.

It is true that defendant is entitled to have every feature of the case upon which plaintiff was not entitled to recover withdrawn from the jury when such request is submitted in a clear and distinct withdrawal instruction. [Rosemann v. U. R. Co., 197 Mo. App. 337, 194 S. W. 1088; Peterson v. U. R. Co., 183 Mo. App. 715, 168 S. W. 254; Am. Auto. Ins. Co. v. U. R. Co., 200 Mo. App. 317, 206 S. W. 257.] Yet such withdrawal instruction must be clear and unambiguous and leave the matters to be withdrawn in no doubt nor intermingled with other matters properly in the case. [Kendrick v. Ryus, 225 Mo. 150, 123 S. W. 937; Am. Auto Ins. Co. v. U. R. Co., 200 Mo. App. 317, 206 S. W. 257.] The reference in the instruction to the ordinance is very indefinite, it does not specify any particular ordinance contained in the pleadings and applies to the defendant's alleged negligence in operating the automobile on the left-hand side of the street. It was a question for the jury whether it was negligence, in the absence of any ordinance, for the driver of defendant's car to operate same on the left-hand side of the street under the circumstances of this case. The allegation that the defendant's automobile was being negligently operated westwardly on Washington avenue south of the center line of said street was substantially supported by the evidence, and certainly was not subject to be withdrawn from the jury.

We think, therefore, that the instruction does not refer to the ordinance with sufficient definiteness and that same comprehends an allegation of negligence contained in the petition which was properly before the jury. It is hardly necessary to point out that the jury could not be referred to the petition to ascertain what particular ordinance defendant was alleged to have violated.

We are of the opinion that no error was committed in refusing this instruction.

The next insistence is that plaintiff was guilty of such contributory negligence as would bar his recovery as a matter of law. The record discloses no basis for such position. Under the evidence the question of contributory negligence of the plaintiff is clearly one for the jury. There was evidence tending to show that the plaintiff was driving south on Whitter street with his right-hand wheels about three or four feet east of the west curb, running at a speed of about eight miles an hour when he approached Washington avenue; that when he reached the south line of Washington avenue he looked both ways and saw defendant's machine approaching from the east about a hundred feet away; that plaintiff started to turn into Washington avenue at about four or five miles an hour; that defendant's car was approaching at a rate of about forty miles an hour; that defendant swerved to the south side of the street in an apparent attempt to cut to the left of the plaintiff's car; that when plaintiff saw this danger he stopped his machine about ten feet west of the east line of West Whitter street and as close to the south curb of Washington avenue as he could get. It cannot be said that as a matter of law plaintiff was guilty of contributory negligence.

It is finally urged that the judgment should be overturned because of remarks made by the plaintiff's counsel to the jury. These remarks and the court's action on same follow:

"Mr. Kelley: . . . He imported this fellow from Atlanta. We haven't got enough colored fellows here. He goes down to Atlanta to bring him up here—."

"Mr. Fahey: Object to that remark—

"Mr. Kelley: Don't take this off my time.

The Court: Your time is up now. Just confine your remarks to the evidence."

Then followed defendant's counsel's argument to the jury.

Thereupon Mr. Kelley, counsel for plaintiff, made his closing argument to the jury and in the course of said argument the following proceedings were had:

"Mr. Kelley: . . . To escape the small sum of $322.30 he will come in here and make the exhibition here of himself you have seen him do on the stand. I ask you to give us the amount of damages we have proven, $322.30, and then, people will be a little bit more careful and so will Hosch.

Mr. Fahey: Object to that and save my exceptions to those remarks. That is two or three times he has made that remark.

The Court: The jury will disregard any remarks of counsel that are not based on the evidence.

To which action and ruling of the Court defendant, by its counsel, then and there excepted and still continues to except."

It does not appear that defendant requested the court to rebuke counsel or to administer a more severe reprimand, or ask for the discharge of the jury. Under our practice, if an objection is made to the argument of counsel and the court fails to specifically rule upon same to the extent deemed necessary by the aggrieved party to cure such injurious remarks or conduct, it is the duty of the objecting counsel to request that an additional or more severe reprimand and rebuke be administered, and if it is deemed necessary to discharge the jury such request must be made. Having failed to request further action of the court below, no complaint can here be made on that point. [McKinney v. Laundry

Co., 198 Mo. App. 386, 220 S. W. 114; Harriman v. Dunham et al., 196 S. W. 443; State v. Harrison, 263 Mo. 642, 174 S. W. 57.]

Finding no prejudicial error in the record, the judgment is affirmed. *Allen, P. J.,* concurs; *Becker, J.,* absent.