STATE OF MISSOURI at the relation of CARLISLE S. GRISHAM and W. D. BELL, Copartners, Composing the Firm of SOONER DISTRIBUTING COMPANY, Relators, v. PERRY T. ALLEN, WALTER E. BAILEY and ROBERT J. SMITH, Judges of The Springfield Court of Appeals.— 124 S. W. (2d) 1080.

Division Two, February 21, 1939.

*Mann, Mann & Miller* for relators.

*W. I. Mayfield* and *Ruark & Ruark* for respondents.

BOHLING, C.—Certiorari to review rulings of the Springfield Court of Appeals in Grisham and Bell v. Freewald, 230 Mo. App. 1203, 95 S. W. (2d) 349. The case reaches the writer upon reassignment.

The case arises out of a collision between a truck owned by Grisham and Bell, relators herein and plaintiffs below, and a Ford coupe owned by V. W. Freewald. Plaintiffs instituted suit for damages to their truck, predicating a recovery under the humanitarian rule as well as primary negligence on the part of defendant. Defendant's answer was a general denial and a counterclaim, predicating a recovery under the humanitarian rule and primary negligence on the part of plaintiffs' employee. Plaintiffs' answer to defendant's counterclaim was a general denial, coupled with pleas of contributory negligence. Plaintiffs appealed from a judgment of $1500 for defendant.

Defendant submitted his case on two instructions—an instruction on the measure of damages and an instruction reading (230 Mo. App. l. c. 1212, 95 S. W. (2d) l. c. 355):

"The jury are instructed that if they find and believe from the evidence that the defendant and defendant's wife were injured by reason of his automobile coming into collision with a truck, then being run and operated by the servant and employee of the plaintiffs, and that at such time the defendant was driving his automobile upon or to the right of the center of the highway upon which he was traveling, if shown, and that the plaintiffs' truck was then being negligently driven upon the left hand side of the center of the highway, considering the direction it was traveling, if shown; and that as a

direct result of plaintiffs' truck being so driven, if shown, the defendant's car and the plaintiffs' truck came into collision, and that the defendant was at the time in the exercise of the highest degree of care upon his part, then the jury will find the issues for the defendant.''

Respondents approved the instruction over relators' assignment it completely ignored the humanitarian doctrine.

Plaintiffs' petition sought a recovery of $400; defendant's counterclaim, a recovery of $5000. Each litigant, in turn, had the offensive and defensive. Reference to respondent's opinion (l. c. 1213 and 355, respectively) discloses that defendant's other instruction read, in so far as here material: ''If the jury find the issues for the defendant on his counterclaim, they will allow him such damages . . .'' If the questioned instruction is to be construed as authorizing a verdict for defendant on defendant's pleaded negligence of plaintiffs' servant under the humanitarian rule, an issue presented by defendant's counterclaim, it is obviously defective in that, for instance, it required no finding that plaintiffs' servant saw or ought to have seen defendant in a position of imminent peril in time thereafter, by the exercise of the highest degree of care, to have avoided the collision (see, among others, Keels v. Atchison, T. & S. F. Ry. Co., 258 Mo. 62, 75(1), 77(3), 167 S. W. 433, 438(5, 7) ; Zimmerman v. Hannibal & St. J. Railroad Co., 71 Mo. 476, 484), and, as a corollary thereto, it permitted of a recovery under the humanitarian rule for antecedent primary negligence of plaintiffs' servant (State ex rel. v. Bland, 322 Mo. 565, 15 S. W. (2d) 798, and cases cited).

To the writer the quoted instruction also appears objectionable in so far as it purports to cover a defense to plaintiffs' pleaded and proved humanitarian case. It is unrestricted by reference to any other instruction in the case. It is not limited to a finding for defendant on defendant's counterclaim. It directs a verdict for defendant upon a finding of the hypothesized facts on the entire case—plaintiffs' cause of action, defendant's defense thereto, defendant's cause of action and plaintiffs' defense thereto; and as a consequence to the defeat of plaintiffs' cause of action purported to cover, among other issues, plaintiffs' pleaded and proved allegations of defendant's negligence under the humanitarian rule.

Respondents' brief says the clause in the instruction reading— ''. . . and that the defendant was at the time in the exercise of the highest degree of care upon his part . . .''—met plaintiffs' humanitarian case. Respondents cite no authority holding such an abstract clause in a factual instruction directing a verdict functions in the all embracing manner respondents ascribe to it in the instant case. In the cases cited by respondents, the questioned instructions submitted specific defensive factual issues to a humanitarian case [see, for instance, Stanton v. Jones, 332 Mo. 631, 638(2), 59 S. W. (2d) 648, 651(3)] ; or questioned instructions containing clauses in

general terms necessarily negativing, in effect, the finding of the affirmative factual defense of contributory negligence to plaintiff's primary negligence case [see, for instance, Kaiser v. Jaccard (Mo. App.)., 52 S. W. (2d) 18, 20(1)] were held sufficient when read in connection with an instruction predicating a verdict for defendant upon a finding of said defensive factual issue [see, for instance, Heigold v. United Rys. Co., 308 Mo. 142, 157, 271 S. W. 773, 777]. The negation in general terms of an affirmative factual issue essential to a verdict for defendant in an instruction hypothesizing the constitutive facts essential to plaintiff's recovery differs from an instruction purporting to submit a factual issue or issues essential to the defeat of plaintiff's cause of action. It is the writer's understanding that instructions directing a verdict on factual issues should submit the pleaded and proved affirmative facts upon which the predicated verdict is to be determined—if for plaintiff, facts authorizing; if for defendant, facts defeating a recovery—possibly to preclude entrusting the jury with a roving commission and to keep the instructions within the pleadings and the proof. Defendant's instruction did this upon the issue of plaintiffs' primary negligence. But, the instruction reads in the conjunctive. The quoted clause does not submit merely an abstract proposition of law. The word "and" expressly connects said clause with the other portions of said instruction. This forbids tearing the clause from its setting. The instruction should be read as a whole. When so read, the application of the abstract statement relied upon is limited to the stated duty in said instruction of defendant "driving his automobile upon or to the right of the center of the highway"—the only factual duty explicitly submitted with respect to the acts of defendant. From this the jury might well reason, absent requirement contra, the issues were to be determined against plaintiffs on plaintiffs' cause of action upon a finding defendant exercised the highest degree of care in driving his automobile upon or to the right of the center of the highway. Such, of course, was not the ambit of defendant's duty under plaintiffs' humanitarian case; because: If defendant, for instance, could have slowed down and avoided the collision under the humanitarian doctrine, it was defendant's duty so to do; for defendant could not implicitly insist, under said doctrine, upon the "rule of the road" and blindly pursue his way so long as he remained to his right of the center of said highway.

We have held instructions predicating a verdict on a defensive factual issue, the same as instructions predicating a recovery on an affirmative factual issue, reversibly erroneous for the omission of some constitutive factual element essential to the contemplated favorable determination of the ultimate factual issue instructed upon. See, among others, for instructions submitting a defense under the humanitarian rule, Schulz v. Smercina, 318 Mo. 486,

501(V), 1 S. W. (2d) 113, 120(8); Martin v. Fehse, 331 Mo. 861, 867(3), 55 S. W. (2d) 440, 442(3), (the instruction closed: "and that defendant . . . was free from any negligence, then your verdict must be for the defendant"); Thompson v. Quincy, O. & K. C. Railroad Co., (Mo.), 18 S. W. (2d) 401, 406(18), (stating: "While the instruction states correctly the abstract law, it does not sufficiently cover the facts").

In passing, we note the reference to antecedent primary negligence of plaintiffs' servant in the instruction—"and that the plaintiffs' truck was then being negligently driven upon the left hand side of the center of the highway, considering the direction it was traveling. .. . ." With respect to the injection of the issue of contributory negligence, even though not as a defense, in a case submitted solely under the humanitarian rule, Schulz v. Smercina, 318 Mo. 486, 501, 1 S. W. (2d) 113, 120, concludes: ". . . they [defendant's instructions] do inject the issue of contributory negligence, and require the jury to determine the issue. Any instruction which injects a totally foreign issue into a case is not only erroneous, but dangerous and harmful. Contributory negligence is an issue wholly foreign to a case submitted purely under the humanitarian rule. Its injection was reversible error." The writer is unable to perceive any difference justifying a distinction between the situation existing in Schulz v. Smercina and the instant case affording respondents any solace. In that case the sole issue for the jury's determination was defendant's negligence under the humanitarian doctrine. In the instant case the sole instruction directing a verdict for defendant covered all issues, embracing in its defensive features defendant's negligence under the humanitarian doctrine, and injected into a consideration of plaintiffs' humanitarian case the factual issue of antecedent primary negligence of plaintiffs' servant. Doherty v. St. Louis Butter Co., 339 Mo. 996, 1006, 98 S. W. (2d) 742, 746, was subsequent to respondent's opinion, but recognizes the law discused in Schulz v. Smercina, supra, and speaking to the right of a defendant to submit a defense to plaintiffs' humanitarian case in appropriate instructions, states: "Such instructions, however, must be specific and not leave room for the jury to consider contributory negligence as a defense."

Viewed in the foregoing respects, defendant's questioned instruction is confusing, well calculated to mislead the jury, and under our rulings, erroneous. It presents issues involving misdirection, not merely nondirection. We do not read plaintiffs' answer (see 230 Mo. App. 1. c. 1213, 95 S. W. (2d) 1. c. 356) as pleading defendant's negligence under the humanitarian rule as a defensive feature (consult Wilson v. Wells, 321 Mo. 929, 942, 13 S. W. (2d) 541, 546(5); Banks v. Morris, 302 Mo. 245, 268, 257 S. W. 482, 485). The instant issue pivots on plaintiffs' pleaded and proved humanitarian case

and defendant's defense thereto; not defendant's cause of action and plaintiffs' defense thereto.

██ Relators say defendant's examination of a physician embracing inquiries as to whether or not defendant's wife's conditions "are or not likely to become malignant and cancerous" was not within the scope of the allegations of damage in defendant's counterclaim; and complain of respondents' ruling: "We think the foregoing part of defendant's answer and counterclaim with reference to his wife's condition shows clearly that the examination was not beyond the pleadings" (230 Mo. App. l. c. 1211, 95 S. W. (2d) l. c. 354). Respondents' brief states one of defendant's items of damages was the loss of the services, etc., past and future, of his wife; and quotes the following from defendant's counterclaim: "That the wife of the defendant was violently thrown, cut, bruised, shocked, wounded, contused, strained, and otherwise injured in such collision" as justifying the examination.

The witness stated defendant's wife had a fibrous tumor on the right hip; that a fibrous tumor acts as a foreign body, could become cancerous, a very favorable site for a cancer; and "I don't know that it will but it could;" ". . . that is my opinion about it." This testimony was permitted to remain in the record over plaintiffs' several objections that it was not within the pleadings, was purely speculative and not a definite statement of facts. It thus appears the trial court considered the testimony to be of some probative value on the factual issue involved and, from the nature of the objections interposed and the rulings of the court thereon, the jury must have so understood.

We think the issue well within the situation presented in Chambers v. Kennedy (Mo.), 274 S. W. 726, 730(3), wherein plaintiff's evidence to the effect that epilepsy is a disease of the nervous system and that "it might or might not result" from the injuries plaintiff sustained was held to have been improperly admitted under a petition charging plaintiff suffered a severe concussion of his skull and brain, his entire muscular system was injured, his entire nervous system, including the nerve centers, was injured, his mind and mental processes were injured, and the permanency of said injuries. The allegations (quoted above) upon which respondents rely in their brief, like the allegations involved in the Chambers case, appear to be limited to injuries received in the collision and make no attempt to embrace after the developments of a malignant or cancerous nature. In Hall v. Manufacturers C. & C. Co., 260 Mo. 351, 372, 168 S. W. 927, 932, this court en banc quoted and applied the following from 5 Ency. Pl. & Prac., p. 719: " 'Special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged.' " Consult Grott v. Johnson, S. & S. S. Co. (Mo.), 2 S. W. (2d) 785, 788(2), (stating: "The evidence did not show that

plaintiff's menstrual disturbance was the necessary result of her injuries . . .''); also Knaup v. Western C. & M. Co., 342 Mo. 210, 114 S. W. (2d) 969, 975(12). Under the authorities cited, the examination is not to be justified on the ground it was within the pleadings.

Accordingly, that portion of respondents' opinion in conflict herewith and the record made pursuant thereto should be and is quashed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.