MABEL TEEL, Appellant, v. MAY DEPARTMENT STORES COMPANY, a Corporation, and DEWEY C. ZYTOWSKI.—No. 38593.—176 S. W. (2d) 440.

Division One, November 1, 1943.

Rehearing Denied, December 6, 1943.

Motion to Transfer to Banc Overruled, January 3, 1944.

128

*B. Sherman Landau* for appellant.

*Lewis, Rice, Tucker, Allen & Chubb* and *Robert T. Burch* for respondents.

██ DALTON, C.—Action for $20,000 actual and $20,000 punitive damages for false imprisonment. The jury returned a verdict for defendants and plaintiff has appealed. At a former trial, plaintiff obtained a verdict for $500 actual and $500 punitive damages, upon which a judgment for a $1000 was entered, and all of .the parties appealed. The judgment was reversed and the cause remanded. Teel v. May Department Stores Company et al., 348 Mo. 696, 155 S. W. (2d) 74. Defendants, thereafter, filed an amended answer consisting of a general denial and a plea (1) that, at the time and place mentioned in the petition, plaintiff was guilty of obtaining or attempting to obtain property of the corporate defendant by false personation, and knowingly, wilfully and designedly aided, abetted and encouraged her sister-in-law, Leona Teel, in obtaining or attempting to obtain property of the corporate defendant of the value of $93.39 by "falsely personating" one, Mrs. A. F. Foster; (2) that, at the time and place mentioned in the petition, defendants had probable cause to believe and did believe plaintiff guilty of obtaining or attempting to obtain the property of the corporate defendant by false personation, as fully set out therein; and (3) that "all the acts of the defendants at said time and place were performed by defendants for the protection of said property and to obtain the return thereof to the defendants."

. Plaintiff's evidence on the second trial was substantially the same as that shown by the statement of facts set out in the opinion of this court on the first appeal. We refer to that opinion for a detailed statement of facts. Certain new or additional evidence will be referred to in the course of the opinion. Briefly, the facts are that on the 29th day · of November, 1939, plaintiff accompanied her brother's wife on a shopping trip to the Famous-Barr Store in St. Louis. This store was owned and operated by the corporate defendant, and the individual defendant Zytowski was employed therein as superintendent of protection and in charge of house detectives. Plaintiff accompanied Leona at the latter's request. Her only purpose in going was to help Leona carry the packages. She also, on request, gave suggestions and advice to Leona on different articles. Leona was not living with plaintiff's brother, but was living with plaintiff and was keeping company with one A. F. Foster of Wood River, Illinois. Leona expected to obtain, and did shortly thereafter obtain, a divorce from her husband. It was also understood by plaintiff and Leona that Foster had obtained a divorce from his wife and would marry Leona. Foster had an account at the Famous-Barr store and had permitted Leona to purchase merchandise on this account and there was evidence tend-

ing to show that Foster had given written authorization to Leona to charge to his account, as plaintiff knew.

Plaintiff offered Foster's deposition, as in the prior trial, but Foster subsequently appeared personally and testified for defendants that the written authorization (produced at trial) was prepared, signed and delivered to Leona subsequent to November 29, 1939, and in the presence of plaintiff and her counsel. Foster further testified that Leona had no written or oral authority to charge to his account at the time of the purchases in question and had never had authority to buy anything on his account, except a pair of shoes. Plaintiff then offered in evidence his prior affidavit by way of impeachment. Plaintiff admitted meeting Foster and Leona in the office of her attorney (where the affidavit was obtained), but she denied that the written authorization to Leona to purchase on Foster's account was delivered at that time.

In any case, on the occasion in question Leona bought numerous articles in different departments of the Famous-Barr store for a total of $93.39 and had them charged to the Foster account. Plaintiff heard Leona give her name to the different salesladies as Mrs. A. F. Foster, and she helped Leona carry some of the packages from the store to Leona's automobile. Later, when plaintiff and Leona went to the wrapping desk to obtain certain packages of bedding, they were questioned by defendant Zytowski, and Leona insisted that she was Mrs. A. F. Foster of Wood River, Illinois. Plaintiff, although present and hearing the conversation, remained silent. Both plaintiff and Leona were taken to the credit department where plaintiff was asked: "Do you know who this woman is," referring to Leona, and plaintiff made no answer. They were then taken to Zytowski's office, detectives' headquarters. After defendants' agents had telephoned to Mrs. A. F. Foster at Foster's residence in Wood River, Illinois, and had advised plaintiff and Leona thereof, plaintiff finally told Zytowski who she was and who Leona was. The property purchased was all recovered and statements were signed by both plaintiff and Leona. The evidence concerning the circumstances attending the signing of the statements is sufficiently set out in the prior opinion.

Plaintiff's principal instruction, given subsequently to the refusal of instruction "A", submitted to the jury the question of plaintiff's right to recover for false imprisonment "after said articles of merchandise were returned." The instruction required a finding that plaintiff was, without just cause or excuse, deprived of her voluntary freedom of action by defendants "for the purpose of forcing the plaintiff against her will to sign a confession written by the defendant Zytowski."

Appellant insists that the defendants did not plead that their conduct toward plaintiff was based upon the commission of the crime of false personation; that the commission of such crime by plaintiff

was irrelevant under the issues made by the pleadings; that defendants "specifically designated a distinctly separate basis for their actions"; that, since "defendants neither pleaded nor proved that they arrested plaintiff because of such crime," they could not defend on such a theory; and that "the trial court erred in trying the case upon the theory of plaintiff's commission of the crime of false personation." No specific action or conduct of the trial court in this regard is assigned as error. Appellant cites authorities holding that an arrest made upon one ground cannot be justified upon another and different ground. Appellant says that defendants may not now say their detention of plaintiff was lawful because she was guilty of the particular crime mentioned, when defendants' answer, supra, states that defendants' acts were for the defense of the property and to obtain the return thereof to defendants. This position, of course, assumes that a detention of plaintiff by defendants for the crime charged against plaintiff in the defendants' answer could not have been an act of defendants in the defense of the said property and to recover it. We think the complaint is based upon a very narrow view of the defense pleaded in the answer. The answer was sufficient in the respect mentioned. In any case, the evidence relied upon by defendants to make out their defense to the first part of the detention period appeared from plaintiff's own testimony. The contention is without merit and must be overruled.

Appellant further contends that plaintiff was not guilty of the crime of false personation; that no criminal intent nor intent to defraud was shown; and that "plaintiff's mere presence at the commission of the crime (if there was a crime committed) was insufficient to constitute 'aiding and abetting.'" Again, no specific error is assigned, but it is contended ▆▆▆ the trial court erred in trying the case "upon the theory of plaintiff's commission of the crime of false personation." The evidence tending to show that plaintiff was guilty of the crime charged in defendants' answer was fully considered by this court in the prior opinion. We find no reason to depart from the conclusion there reached, to wit, that, prima facie, the conduct of Leona and plaintiff was sufficient to constitute the crime of obtaining goods by false personation. Sec. 4488 R. S. 1939, Mo. R. S. A., Sec. 4488.

In the prior opinion this court said: "Our conclusion is that defendant's agents were within their rights in demanding and thus obtaining the return of the merchandise obtained from defendant by means of such false personation. We would not be willing to hold that the evidence shows unreasonable or unlawful detention of plaintiff and Leona by defendant's agents up to the time of obtaining the return of the goods." (155 S. W. (2d) 74, 79.) Plaintiff's evidence being substantially the same as that on the prior trial, and no mistake appearing, the law as declared in the former opinion is the law of the case.

Morris v. E. I. DuPont de Nemours & Co., 346 Mo. 126, 139 S. W. (2d) 984, 986. However, appellant now contends that any right of detention to secure a return of the merchandise purchased on Foster's account would necessarily have to be conditioned upon a precedent request for the return of the merchandise and a refusal by plaintiff to comply with such request and that, unless the evidence showed both demand and refusal, prior to any detention, the detention was unlawful. Again, no error is assigned, but appellant contends the evidence shows neither demand nor refusal. The evidence concerning what happened prior to the recovery of the merchandise is fully set out in the prior opinion. The record on this appeal, as on the former appeal, fails to show that any express demand was made for the return of any merchandise, until the corporate defendant's agents knew that plaintiff and Leona had other merchandise belonging to said defendant. Plaintiff testified that Zytowski did not at first advise her or Leona concerning the purpose of their detention, but that after Leona insisted she was Mrs. A. F. Foster, and after she and Leona were in custody (but before leaving the basement balcony), they were advised by Zytowski, as follows: "We will have to go up to the eighth floor credit department and get this thing straightened out." She said that no actual demand was made for the return of any merchandise purchased by Leona, until defendant Zytowski noticed a small package of hosiery in Leona's hand and learned of the packages in Leona's automobile (all after they came to Zytowski's office). Zytowski asked for the return of the merchandise for evidence. Plaintiff said that Zytowski twice told her he wouldn't permit her to leave "until he knew exactly how everything stood"; and that he said he thought she was not telling the truth. She further testified that she realized she would not be permitted to go, until she told who Leona was, and so she told him.

On the prior appeal of this cause, this court declared the law to be "that an owner of a store or other premises has the right to detain a person therein, for a reasonable time for a reasonable investigation, whom he has reasonable grounds to believe has not paid for what he has received or is attempting to take goods without payment." The court held that upon a most favorable view of plaintiff's evidence in this case there could be no jury case for false imprisonment until after the goods were returned.

Appellant's contention, that an immediate demand by defendants for the return of all merchandise and a refusal of such demand by plaintiff was a condition precedent to any detention by defendants, is based upon the theory that the *sole* reason for the detention was to secure the return of the merchandise and did not include the idea of a reasonable investigation under the head of "protection of said property." Appellant's contention wholly overlooks the fact that, upon plaintiff's own evidence, the defendants had reasonable grounds

to believe that plaintiff and Leona were guilty of the crime of obtaining or attempting to obtain the corporate defendant's property by false personation; and that defendants were justified in detaining plaintiff and Leona for a reasonable length of time for the purpose of making a reasonable investigation ·in a reasonable manner to determine the amount of goods obtained and to recover the same. It is further apparent from the record in this case that said investigation actually resulted in the return of merchandise which the parties had previously taken to Leona's automobile. The facts shown were within the allegations of defendants' answer, that ''all the acts of the defendants at said time and place were performed by defendants for the protection of said property and to obtain the return thereof to the defendants.'' The contention that the detention was necessarily unlawful, because no immediate express demand for the return of all goods was made by defendants and refused by plaintiff, must be overruled. The conclusions reached on the prior appeal are affirmed.

██ Error is assigned on the court's action ''in refusing to permit plaintiff to testify that she would, upon request by defendants, have assisted in securing the return of the merchandise'' and without the necessity of any imprisonment. Appellant contends that the evidence was admissible (1) to show the imprisonment was unnecessary, and (2) to disprove any intent' to defraud. The court did not err in excluding the proffered evidence because, in view of the facts admitted by plaintiff, the fact sought to be shown was wholly immaterial. It was immaterial as to defendants' right to detain the plaintiff a reasonable time for a reasonable investigation under the circumstances shown by plaintiff's evidence and it was also immaterial that plaintiff did not intend to defraud the corporate defendant. Sloan y. State, 168 Tenn. 573, 580, 79 S. W. (2d) 1021. Plaintiff was willingly, knowingly, and intentionally aiding and abetting Leona to obtain and carry away the corporate defendant's property by the false representation that she was Mrs. A. F. Foster. Both plaintiff and Leona knew the representation was false, but necessary to obtain possession of the merchandise. Since the acts prohibited by the statute were intentionally done, it was wholly immaterial that plaintiff thought that Leona was authorized and that Foster would pay for the goods and the corporate defendant would not be defrauded. ''When an act forbidden by law is intentionally done the intent to do the act is the criminal intent which imparts to it the character of the offense, and no one who violates a law which he is conclusively presumed to know can be heard to say he had no criminal intent in doing it.'' State v. Silva, 130 Mo. 440, 464, 32 S. W. 1007. We further think that what plaintiff might have done under a hypothetical state of facts which did not exist was speculative and immaterial and the court did not err in excluding the testimony.

136

■ Appellant assigns error on the admission in evidence of "the confession signed by plaintiff." Appellant contends it was not a "voluntary statement, but was illegally extorted from her by fear, threats and a course of conduct purposely designed to intimidate her." Appellant further insists that the evidence shows prior coercive influence on plaintiff and that the burden was on defendant to prove the removal of such coercive influence prior to the signing of the statement. The written document, containing statements against the interest of plaintiff and in some respects in conflict with her testimony, was admittedly signed by plaintiff. Plaintiff said she did not dictate the statement, but admitted giving Zytowski some of the information contained therein. The statement closed with the following recital: "This statement was written in my presence from facts supplied by me. I have been told to make any corrections necessary. I have read it and now sign it willingly." Appellant relies upon her own evidence concerning what had happened and the circumstances under which the document was signed (see facts set out in former opinion, 155 S. W. (2d) 74, 79), while defendants rely upon their evidence, which shows a totally different state of facts, to wit, that plaintiff and Leona were at no time detained or restrained of their liberty; that no threats or mental or physical force or coercion was used; that plaintiff and Leona were requested to come to the credit office to straighten things out and they agreed to do so; that plaintiff willingly gave the facts for the statement, and signed it willingly; and that at all times she appeared, calm, and collected and showed no signs of being under any fear, restraint or compulsion. Counsel for appellant, in effect, concedes an issue of fact, when he says that "common sense and common behavior fully corroborate plaintiff's testimony and refute defendants' as to the coercion surrounding the execution of the confessions." The court did not err in admitting the statement as an admission (the word "confession" is used in criminal cases, 31 C. J. S. Evidence, Sec. 270). Whether or not it was a voluntary statement was a question for the jury. See, Campbell v. Germania Fire Ins. Co., 163 Wis. 329, 158 N. W. 63, 67; State v. ■ Menz (Mo. Sup.), 106 S. W. (2d) 440, 448; 31 C. J. S. Evidence, Sec. 278.

■ Error is assigned upon the admission in evidence of "the confession of Leona Teel." It is contended (1) that the statement was not voluntary, but coerced, and (2) that it was "inadmissible as 'hearsay,'" Leona not being a party to this action. The statement was somewhat similar to that signed by plaintiff and purported to have been "willingly" signed. The objection to the offering, as made at the trial, was that the "confession" of Leona Teel was "not binding on the plaintiff"; that it could not "affect her"; and that it was not a voluntary statement. Whether the statement was voluntary or coerced was a question of fact for the jury in view of the conflicting testimony concerning the circumstances under which the state-

ment was signed. That the statement was "hearsay" was not assigned as a reason for excluding the exhibit from evidence when it was offered at the trial, and such reason may not now be considered. However, the court did not err in admitting the statement, since it was admissible as an admission against plaintiff, she having testified that she advised Leona to sign the statement for the alleged purpose of being permitted to leave. It was signed in plaintiff's presence either under the circumstances shown by plaintiff's or by defendants' evidence. Further, the preparation of the respective written statements, subsequently signed by plaintiff and Leona, was directly connected with and was part of the circumstances testified to by plaintiff, and it covered the period of the alleged illegal imprisonment for which plaintiff sought recovery. The exhibit was admissible as a part of the res gestae. 20 Am. Jur. Evidence, Sec. 665; 32 C. J. S. Evidence, Sec. 415, et seq.; Rea v. Missouri, 84 U. S. 532, 21 L. Ed. 707; See, Randol v. Kline's Inc., 322 Mo.'746, 18 S. W. (2d) 500, 507. These two exhibits were the documents prepared subsequent to the return of the merchandise. The type, kind and length of these statements were circumstances having some bearing upon the length of time required to prepare and sign them, and length of time was an issue in the case. Thompson v. Boatmen's National Bank, 347 Mo. 748, 148 S. W. (2d) 757, 763.

Error is assigned on "the admission into evidence of the details of Mrs. Foster's alleged conversation with some unknown person allegedly telephoning from the Famous-Barr store." It is contended (1) that there was no proper identification of the person calling, and (2) that the substance of the conversation was hearsay. No such objections were timely presented and ruled by the trial court, although on one occasion, after the witness had stated: "It was some one from Famous-Barr, and it seems to me he said it was Mr. Zytowski and said he wanted to speak to Mr. Foster," an objection of "not sufficient basis" was made and in effect overruled as out of time, since the court said, it (the answer) "may stand." However, the court did not err in admitting the testimony complained of. Plaintiff had previously testified in detail concerning the telephone call by Zytowski to Mrs. Foster, as follows: "Mr. Zytowski asked one of the lady detectives to get Wood River on the phone for him. Then he went to the phone and he said, 'Is this Mrs. Foster?' She supposedly said, 'Yes.' I didn't hear what was said on the other end of the line, I just took his word for what was said. He asked her if she knew Miss Nesslein or Mabel Teel, and she supposedly said, 'No.' He asked her if she had given anyone permission to use her charge account, and she said, 'No.' He then asked her if Mr. Foster was there, and she supposedly said, 'Yes,' Mr. Foster was there, but he was sick in bed." After Mrs. Foster had testified, Zytowski testified, all in substantial agreement concerning the call, the inquiries

made and answers given on the said date. Mrs. Foster further testified that, after the call, she telephoned her husband and then "called back the Famous-Barr and told them Mr. Foster had not given anyone permission to buy." In Foster's deposition (offered by plaintiff) he testified concerning his wife's call to him at his office around 3:30 to 4:00 P. M., November 29, 1939, concerning whether he had authorized anyone to charge on his account. The evidence was corroborative of plaintiff's evidence concerning the call. Identification was sufficiently established. The court did not err in admitting the evidence. 20 Am. Jur. Evidence, Sec. 368.

■ Appellant further complains of a statement by Mrs. Foster in her testimony concerning Leona's alleged statement that she wasn't going to see Mr. Foster any more "because he had deceived her about his money." Appellant contends this statement ■ "was prejudicial error as hearsay testimony, irrelevant and remote." No such objections were made or ruled upon in the trial court. The witness was asked a question and plaintiff's counsel objected on specific grounds, including one that the conversation was not in plaintiff's presence or binding on her. The objection was overruled. The answer given by the witness and containing the statement, supra, was not responsive to the question asked and counsel renewed his original objection and moved to strike the answer, but was overruled. Even if the statement had been admitted over proper objection, we would not consider its admission sufficiently prejudicial to require a reversal of the cause.

■ Error is assigned upon the refusal of plaintiff's instruction "A", which predicated a verdict for plaintiff upon a finding that the imprisonment of plaintiff was not accomplished for the purpose of obtaining possession of the merchandise purchased by Leona (and other factors). This instruction would have required the jury to find that, at the time and place mentioned, plaintiff "was directly restrained of her liberty without just cause or excuse" by the defendants. It then proceeded as follows: "And if you further find that said imprisonment of plaintiff by defendants was not accomplished by defendants for the purpose of obtaining repossession of the merchandise purchased by Leona Teel from the defendant May Department Stores Company, and if you find that at the time of said imprisonment the plaintiff did not have possession or control of the merchandise purchased by Leona Teel from the defendant May Department Stores Company, but that the plaintiff would, upon request by the defendant Zytowski, have assisted said Zytowski to repossess the merchandise purchased by Leona Teel from the May Department Stores Company and that it was not necessary to imprison the plaintiff to secure her assistance to recover possession of aid merchandise, then plaintiff is entitled to recover in this action and your verdict

should be in favor of plaintiff and against both defendants.''

Appellant contends that this instruction "properly hypothesized the law and the fact that the repossession of the merchandise by defendants constituted no defense unless the arrest was made for that purpose.'' Appellant insists "the instruction accords with the prior ruling of this court, . . . that the defendants had the right to arrest plaintiff . . . for the purpose of securing the return of the merchandise"; and that it "submits in simple terms the converse of that ruling, namely, that the arrest was not justified if it were not accomplished for that purpose."

We think the instruction squarely conflicts with our prior holding (which is the law of the case) that the evidence considered most favorably to plaintiff shows no "unreasonable or unlawful detention of plaintiff and Leona by defendants' agents up to the time of obtaining the return of the goods." That holding necessarily covered the detention of plaintiff for a reasonable period for a reasonable investigation upon reasonable grounds and for the protection of the corporate defendant's property and the recovery thereof. The instruction was properly refused. We held that, as a matter of law, the detention was not unreasonable prior to a recovery of the goods.

Defendants' instruction 1, was as follows: "The Court instructs the jury that under the law and the evidence in this case the defendants were within their legal rights in demanding and obtaining the return of the merchandise mentioned in the evidence which had previously on the 29th day of November been obtained by the plaintiff and her sister-in-law, Leona Teel, from the Famous-Barr store and in detaining the plaintiff and her said sister-in-law, if you so find and believe they were so detained until the defendants recovered all the said merchandise.

"You are therefore instructed that the sole issue for your determination and verdict in this case is whether or not after the defendants had recovered the said merchandise the defendants imprisoned or detained the plaintiff against her will by threat or show of force or by otherwise causing her to believe that she would be forcibly restrained if she attempted to depart."

Appellant insists that instruction No. 1 was prejudicially erroneous because (1) it assumed, contrary to the evidence, that an arrest was necessary to secure a return of the merchandise and it failed to require such a finding; (2) it improperly advised the jury that the arrest and imprisonment was justified as a matter of law, when there was no evidence that the arrest was initially made for the purpose of securing the return of merchandise; (3) it failed to predicate the justification for the arrest upon a precedent demand for the return of the merchandise, which return had been refused; and (4) it placed no proper restriction on the permissible length of the period of the

imprisonment. We think these complaints have been fully answered by the prior opinion or in this opinion. Under the evidence presented, plaintiff was not entitled to submit to the jury the question of her right to recover for the full period of her alleged imprisonment as shown by her evidence, but was properly restricted to the period following the return of the merchandise. Teel v. May Department Store Company, supra.

Appellant further insists that the first paragraph of instruction 1 was erroneous (1) as an undue comment on an isolated portion of the evidence; (2) because the period of imprisonment prior to the return of the merchandise was not a proper subject for emphasis by incorporation in the instruction; (3) because misleading and confusing; and (4) because it assumed a fact not proven, to wit, that plaintiff had obtained merchandise. On plaintiff's own testimony she was as a matter of law equally guilty with Leona in obtaining the merchandise. Sec. 4839 R. S. 1939, Mo. R. S. A. Sec. 4839; State v. Arthur (Mo. Sup.), 57 S. W. (2d) 1061. The instruction did not, therefore, assume a fact not shown by the evidence. We do not consider the withdrawal of the issue of recovery on the first part of plaintiff's alleged imprisonment as an undue comment on or emphasis of particular evidence, nor do we think this part of the instruction subject to the other criticisms leveled against it. See, Shelton v. McHaney, 338 Mo. 749, 92 S. W. (2d) 173, 183; Latham v. Hosch, 207 Mo. App. 381, 233 S. W. 84, 86. Upon a most favorable view of plaintiff's evidence in the second trial the first part of her alleged imprisonment was not actionable. We find nothing in the case of Hamner v. Edmonds, 327 Mo. 281, 36 S. W. (2d) 929, 939, and other cases cited, to indicate a proper withdrawal instruction is erroneous. The assignment is overruled.

Appellant finally contends that defendants' instruction No. 4 is prejudicially erroneous (1) because it did not require a demand for the return of the merchandise prior to any detention and (2) because there was no pleading or proof that the purpose of the arrest was to recover any merchandise. These matters have been previously ruled. Appellant further contends the instruction was not supported by the evidence and was so worded as to imply that plaintiff was responsible for the conduct of Leona. The criticised portion of the instruction is as follows: "And if you find and believe from the evidence that after the defendants had so recovered said merchandise, the plaintiff remained in the store not under fear or restraint, but remained at the defendants' request, to explain her conduct and that of her sister-in-law, Leona Teel, and to make a statement to Mr. Zytowski, and to read and sign the statement as written by Mr. Zytowski, then your verdict must be in favor of the defendants."

Appellant points out that there is no express evidence of such a request. However, an implied invitation or request could be inferred

from defendants' evidence. We think the instruction merely outlined the ultimate facts which defendants' evidence tended to prove, and that it correctly advised the jury that, if they found these facts, to find for defendants. The instruction was not erroneous. State ex rel. Grisham v. Allen, 344 Mo. 66, 124 S. W. (2d) 1080, 1082; Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853, 860; King v. Rieth, 341 Mo. 467, 108 S. W. (2d) 1, 6.

Finding no reversible error in the record, the judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.