**ROTH, Estate of, In re.**

Probate Court, Cuyahoga County.

No. 596623. Decided October 10, 1960.

Benjamin & Womer, Cleveland, for exceptor, Marvin Roth.
Ellis V. Rippner, Cleveland, for executrix, Stella Meyer.

**OPINION**

By MERRICK, J.

This matter is before the Court on exceptions to the inventory. So far as is important to the consideration of the principal question raised here, the admissibility of a so-called wire recording of the voice of the decedent is challenged.

Shortly before his death, the decedent made certain bank withdrawals and real estate transfers. The executrix received some of this property. She did not list it in the inventory. This omission is the subject of the exceptions herein.

Probably anticipating the situation which has developed herein, the decedent met with an attorney and several of decedent's neighbors. The gathering was held at decedent's bedside. He was slowly wasting away and was conscious of this physicial condition. The lawyer was accompanied to the bedside conference by a sound engineer who brought a mechanical device, known as a wire recorder. Conversation and questions and answers were had between the decedent, the attorney and the assembled neighbors. The voices of all participating were recorded by the device and have been played back in open court during the hearing on the exceptions.

If accepted into evidence, the statements and conversations indicate plainly the explanations of a man, who may have been very weak physically, yet he demonstrated a clearness of mind in declaring his unequivocal intention to have the gifts stand as such, with no other implications whatsoever.

There appears to be no Ohio case reported on this exact question. There is a brief discussion found in **21 O. Jur. 2nd,** at **page 204,** which concerns the admissibility of evidence by dictaphone and dictagraph, but no Ohio case is cited. In criminal cases, recorded sounds of the defendants' voices have been admitted. In all of these cases, however, the recording was taken without the knowledge of the persons speaking and have been admitted after proper ground has been laid therefor. There are many cases which admit as evidence, telephone conversations where the voice or voices are adequately identified. **Farris v. Columbus, 85 Oh Ap 385.** Telephone conversations have been held admissible in evidence whenever a face-to-face communication would be competent. **Leonard v. Mowbray, 21 Oh Ap 268.** A witness who stood near a telephone and heard what both parties said has been held competent to testify regarding a telephone conversation. **Megginson v. Bilau, 40 Oh Ap 210.** Authorities too numerous to mention have held that a court stenographic reporter could testify as to what was said by a witness at a prior hearing or in a deposition. This rule is extended to permit the witness to translate from stenographic or stenotype notes taken at the previous hearing.

It seems reasonable, therefore, that a wire recording might be more reliable than the recollected word or the translation of notes made by human hand. The play-back enunciates the voices and other sounds picked up at the time of the recording. The inflections and accentuations of the voices are reproduced as though the human was present in court. In some instances this attribute or detraction might have as much importance as the voice itself. Certainly it would produce an almost perfect witness, even though it be a voice from the grave, and not subject to cross-examination.

While there are comparatively few decisions on the admissibility of sound recordings, most of the courts which have considered the question agree that such evidence is admissible if the proper foundation has been laid to assure the authenticity of the recording and its consequent reliability. Bellfield v. Coop, 8 Ill. 2nd 304; Paulson v. Scott, 260 Wis. 141, 50 N. W. 2nd 376; Boyne v. Anderson, 146 Mich, 328, 109 N. W. 429; Kilpatrick v. Kilpatrick, 123 Conn. 218, 193 A 765.

The motion to strike the testimony of the engineer who took the recording as well as the play-back of the taped recording of the voices is overruled and the same shall remain in the record.

On the basis of this and all other evidence in the record, the exceptions to the inventory are overruled.