CITY OF BEDFORD HEIGHTS, APPELLEE, *v.* TALLARICO, APPELLANT.

(No. 70-7—Decided March 10, 1971.)

212

Mr. *Charles E. Merchant,* for appellee.
Mr. *Ed. L. Kornowski,* for appellant.

HERBERT, J. Appellant urges us to declare Bedford Heights Codified Ordinance 1701.01 unconstitutional and, also, to determine that she was convicted upon insufficient evidence.

It is well established that courts will refrain from declaring legislation unconstitutional unless the posture of a cause leaves no logical alternative thereto. *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207, 215 N. E. 2d 403; *Rucker* v. *State* (1928), 119 Ohio St. 189, 162 N. E. 802; *Strongsville* v. *McPhee* (1944), 142 Ohio St. 534, 53 N. E. 2d 522. See *State, ex rel. Clarke,* v. *Cook* (1921), 103 Ohio St. 465, 134 N. E. 655; *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496, 52 N. E. 2d 980; *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N. E. 2d 629; *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412, 96 N. E. 2d 414; *State* v. *Western Union Telegraph Co.* (1951), 154 Ohio St. 511, 97 N. E. 2d 2. Hence, we will first turn to appellant's contention that her conviction "is not valid" because the evidence adduced at her trial "fails to show that this defendant beyond a reasonable doubt committed the crime she is charged with." The record before us leaves no doubt that appellant's complaint in this regard relates to the sufficiency, as opposed to weight, of the evidence.

Bedford Heights Codified Ordinance 1701.01, including Sections 1.3 and 1.4, thereof provide:

"There is adopted by the municipality for the purpose of prescribing regulations governing conditions hazardous to life and property from fire or explosion that certain code known as the Fire Prevention Code recommended by the National Board of Fire Underwriters, being particularly the 1956 edition thereof and the whole thereof, save and except such portions of briefs as are hereafter deleted, modified, or amended by Chapter 1703, of which code one copy is filed in the office of the village clerk and the same is hereby adopted and incorporated as fully as is set out at length and from the date on which this action shall take effect the provisions thereof shall be controlling within the regulations of the municipality."

"FIRE PREVENTION CODE

"* * *

"Section 1.3. Authority to Enter Premises.

"a. The Chief of the Fire Department, Chief of the Bureau of Fire Prevention or any inspector thereof may, at all reasonable hours, enter any building or premises for the purpose of making any inspection, or investigation which, under the provisions of this code, he or they may deem necessary to be made.

"b. The Chief of the Fire Department, Chief of the Bureau of Fire Prevention or any inspector thereof shall be permitted by the owner, lessee, manager, or operator of any building or premise to enter and inspect their building or premise at the time and for the purpose stated in this section.

"Section 1.4. Inspections of Buildings and Premises.

"a. It shall be the duty of the Chief of the Fire Department to inspect, or cause to be inspected by the Bureau of Fire Prevention, or by the Fire Department officers or members, all buildings and premises except the interiors of dwellings, as often as may be necessary for the purpose of ascertaining and causing to be corrected any conditions liable to cause fire, endanger life from fire, or any viola-

tions of the provisions or intent of this code and of any other ordinance affecting the fire hazard.

"b. The Chief of the Fire Department, Chief of the Bureau of Fire Prevention or an inspector upon the complaint of any person or whenever he or they shall deem it necessary, shall inspect any buildings and premises within their jurisdiction."

The affidavit upon which appellant stood trial states in pertinent part:

"Ruth Tallarico, owner of premises known as 24844, 24846, 24848 and 24850 Aurora Road, Bedford Heights, Ohio, did refuse upon request to permit Bedford Heights Fire Chief Rogers to enter and inspect at a reasonable hour said premises for the purpose of ascertaining and causing to be corrected conditions liable to cause fire, endanger life from fire, and other violations of the Fire Code, to wit: to determine cause of fire occurring Oct. 23rd, 1967, in said premises, in violation of C. O. 1701.01, Section 1.-3 and 1.4 * * *."

Going straight to the evidentiary question, and laying aside the matter of how or whether appellant could violate Section 1.4, *supra*, it is clear that in order to sustain appellant's conviction the record must present sufficient evidence that the Chief of the Bedford Heights Fire Department, or the Chief of the Bureau of Fire Prevention or an inspector thereof, made a request of appellant to inspect property within their jurisdiction which was either owned, leased, managed or operated by the appellant; that appellant knew the official identity of the person making the request; and that she refused to permit such inspection.

It is uncontroverted that the sole evidence in the record pertaining to appellant's alleged violation of this ordinance is found in testimony of the Bedford Heights Fire Chief. He stated that by checking official plat records, he determined that a Mrs. Tallarico was the owner of the property in question. He testified further that, on information that the owner of the building in question, Mrs. Tal-

larico, lived on Columbus Road, he looked up "Mrs. Tallarico's" telephone number in the telephone directory and placed a call to the number therein listed for a Tallarico on Columbus Road. Over objection, the witness stated that a woman's voice answered; that when asked if it was "Mrs. Tallarico" the voice answered "yes"; that he identified himself and asked to inspect "the apartment on Aurora Road"; and that the voice replied that he would need a search warrant to enter the building.

The record discloses further that the appellant's name, Ruth Tallarico, was not listed in the telephone directory; that a telephone number for a Vito Tallarico was so listed; that the latter Tallarico owned the property next door to the property in question; that the witness had never spoken with appellant over the telephone prior to the date this call was made; that he did not know the appellant; that he did not and could not recognize her voice, either by telephone or in person; and that the witness could not identify the defendant in the courtroom as the person who had voiced the refusal over the telephone. Additionally, the witness acknowledged that the telephone number which he called was a personal residence as opposed to a business listing.

As can be seen from a search of legal texts, the question of the admissibility in civil cases of statements made to a witness over the telephone is one which has not engendered a uniform answer. See, e. g., 31A Corpus Juris Secundum 502, Section 188; McCormick, Evidence, 405, Section 193; VII Wigmore, Evidence, 616-624, Section 2155; annotations, 71 A. L. R. 5, and 105 A. L. R. 326. Lower courts in this state have generally followed a broad rule in civil cases that so long as the related telephone conversation would be admissible if garnered from a face-to-face encounter, it is admissible where the identity of the person with whom the witness was speaking has been "satisfactorily established." *Leonard* v. *Mowbray* (1926), 21 Ohio App. 268, 276, 153 N. E. 197; *Farris* v. *Columbus* (1948), 85 Ohio App. 385, 85 N. E. 2d 605; *In re Estate of*

*Roth* (1960), 84 Ohio Law Abs. 345, 170 N. E. 2d 313; 21 Ohio Jurisprudence 2d 271 and 272, Sections 253 and 254. See *Pullman Co.* v. *Willett* (1905), 7 C. C. (N. S.), 173.

In this state and others, satisfactory establishment of the necessary identity has required everything from actual recognition of the voice of the person whose statements the witness is repeating (See, *e. g., Bell* v. *McDonald* [1923], 308 Ill. 329, 139 N. E. 613; *Holland* v. *O'Shea* [1950], 342 Ill. App. 127, 95 N. E. 2d 515; *Katzmarek* v. *Weber Brokerage Co.* [1943], 214 Minn. 580, 8 N. W. 2d 822; *Bonner Mfg. Co.* v. *Tannenbaum* [1918], 169 N. Y. Supp. 43; see, also, *Leonard* v. *Mowbray, supra*), to numerous circumstantial evidential fact patterns (see, *e. g., Hanna* v. *Central States Electric Co.* [1930], 210 Iowa 864, 232 N. W. 421; *Rich* v. *Weeks* [1932], 279 Mass. 452, 181 N. E. 712; *Miller* v. *Kelly* [1921], 215 Mich. 254, 183 N. W. 717; *Teel* v. *May Dept. Stores Co.* [1943], 352 Mo. 127, 176 S. W. 2d 440; *Farris* v. *Columbus, supra*; *In re Estate of Roth, supra*; *Gutowsky* v. *Halliburton Oil Well Cementing Co.* [Okla. 1955], 287 P. 2d 204; *Campbell* v. *Wilson* [1962], 18 Wis. 2d 22, 117 N. W. 2d 620).

In the case at bar, it should be remembered that we are dealing with a criminal trial and that appellant's conviction must stand or fall solely upon the evidential use of the telephone conversation allegedly had with her.

Whatever may be the appropriate rule regarding telephone conversations in civil cases, with which we are not here concerned, it is our conclusion that irrespective of whether the testimony in this criminal case was admissible, it was not sufficient to support appellant's conviction. Where the only criminal behavior with which a defendant is charged is the manner in which he conducted his portion of a telephone conversation, the testimony of the person with whom the defendant allegedly had such conversation is not alone sufficient to establish both the commission of the crime and the identity of the defendant as the offender, unless the witness testifies that he actually

recognized the voice on the telephone as belonging to the defendant.

The judgment of the Court of Appeals is reversed and final judgment is entered for the appellant.

*Judgment reversed.*

SCHNEIDER, CORRIGAN and STERN, JJ., concur.

O'NEILL, C. J., DUNCAN and LEACH, JJ., concur in the judgment only.

LEACH, J., concurring. I concur in the judgment solely on the basis that the record does not warrant a finding of an *unequivocal order* by the fire chief to the defendant directing her to permit inspection of the building, and an *unequivocal refusal* by the defendant in response to such an order.

O'NEILL, C. J., and SCHNEIDER, J., concur in the foregoing concurring opinion.