## State v. Wyant
*[Cite as 8 AOA 249]*

*Case No. 90-CA-2*
*Delaware County, (5th)*
*Decided December 6, 1990*

*Sue Ann Reulbach, Assistant Prosecutor, 149 North Sandusky Street, Delaware, Ohio 43015, for Plaintiff-Appellee.*

*James H. Klein, 2 West Winter Street, Suite 9, Delaware, Ohio 43015, for Defendant-Appellant.*

GWIN. J.

Appellant, David Wyant (appellant), appeals from the judgment of conviction and sentence entered upon a unanimous jury verdict of guilty to the charge of Ethnic Intimidation, in violation of R.C. 2927.12(A). Appellant assigns the following as error:

"I. THE CONVICTION IN THE DELAWARE COUNTY COURT OF COMMON PLEAS FOR VIOLATION OF O.R.C. SECTION 2927.12 (ETHNIC INTIMIDATION) SHOULD BE REVERSED BECAUSE, THE LAW UPON WHICH THE CONVICTION IS BASED, VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AS TO SAFEGUARDS AGAINST VAGUE AND UNCERTAIN CRIMINAL PROSECUTION.

"II. THE CONVICTION IN THE DELAWARE COUNTY COURT OF COMMON PLEAS SHOULD BE REVERSED BECAUSE O.R.C. SECTION 2927.12 VIOLATES ESSENTIAL GUARANTEES OF EQUAL PROTECTION UNDER THE LAW AS SET FORTH IN THE UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT.

"III. THE CONVICTION IN THE DELAWARE COUNTY COURT OF COMMON PLEAS SHOULD BE REVERSED BE-

CAUSE O.R.C. SECTION 2927.12 IS UNCONSTITUTIONALLY VAGUE AND OVER-BROAD ON ITS FACT IN VIOLATION OF THE UNITED STATES CONSTITUTION, AMENDMENT ONE, AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 11."

On August 10, 1989, an indictment was filed in the Common Pleas Court charging that appellant:

"...did violate section 2903.21 of the Ohio Revised Code, Aggravated Menacing, by reason of the race, color, religion or national origin of Jerry L. White and Patricia McGowan, to wit: did, knowingly cause Jerry L. White and Patricia McGowan to believe that be, the said DAVID WYANT, would cause serious physical harm to the person or property of said the Jerry L. White and Patricia McGowan, this being in violation of Section 2927.12 of the Ohio Revised Code and against the peace and dignity of the State of Ohio."

The charge arose while appellant was at his rented camp site at Alum Creek State Park in Delaware County on or about June 3, 1989. The adjoining camp site was rented and occupied by Jerry White and his girlfriend, Patricia McGowan. During the latter part of that evening, Mr. White on two separate occasions complained of loud music and noise from appellant's camp site.

Following a visit by a park official, appellant yelled that "we didn't have this problem until those niggers moved in next to us;" and "the black motherfucker over there, I will take my gun and kill him;" and "in fact, I will go over there and beat his black ass now."

I & II

Through his first two assignments, appellant claimed that R.C. 2927.12 is unconstitutional in that it violates the due process and equal protection clauses of the Fourteenth Amendment.

The record before us indicates that the only constitutional claim made by appellant in the trial court was that R.C. 2927.12 was unconstitutional because it violated his constitutional right to free speech under the First Amendment of the United States Constitution. Appellant made no other constitutional claim through written motion and none were specifically pointed out in the transcript on appeal. See App. R. 12(A).

Accordingly, we adhere to the well-settled principle that we will not consider a claim of error which was neither raised nor objected to in the trial court, even if the error alleged is constitutional. See *State v. Abrams* (1974), 39 Ohio St. 2d 53, 55, 68 O.O. 2d 30, 31. See, also, *Toledo v. Reasonover* (1965), 5 Ohio St. 2d 22, 34 O.O. 2d 13.

Therefore, appellant has waived his first two assignments of error, and the same are hereby overruled.

III

In his final assignment, appellant claims that R.C. 2927.12 is so vague and overbroad on its face that it violates appellant's right to free speech as guaranteed by the First Amendment of the U.S. Constitution.

R.C. 2927.12 provides:

"(A) No person shall ·violate section 2903.21, 2903.22, 2909.06, or 2909.07, or division (A) (3), (4), or (5) of section 2917.21 of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons.

"(B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation."

It has long been stated that "freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action." *Lovell v. Griffin* (1938), 303 U.S. 444, 450. However, the right of free speech is not an absolute right and may be limited or punished if it is likely to provoke the average person to retaliation thereby causing a breach of the peace. *Chaplinsky v. New Hampshire* (1942), 315 U.S. 568.

Courts are also to "refrain from declaring legislation unconstitutional unless the posture of a cause leaves no logical alternative thereto." *Beford Hts. v. Tallarico* (1971), 25· Ohio St. 2d 211, 212.

Here, we construe the statute in question as a legislative attempt to preserve the public peace and as applied to appellant, is not so vague and overbroad as to deprive him of his freedom of speech guaranteed by the United States Constitution.

Certainly, appellant's racially motivated threats that "we didn't have this problem until those niggers moved in next to us;" "the black motherfucker over there, I will take my gun and kill him;" and "I will go over there and beat his black ass now" are not constitutionally protected speech because such would likely cause a breach of the peace.

Appellant was found to have knowingly caused another to believe that he would cause serious physical harm to that person in violation of R.C. 2903.21, Aggravated Menacing. Because appellant's violation of R.C. 2903.21 involved the use of racial slurs which were likely to cause a breach of peace, appellant was indicted for violating R.C. 2927.12. Therefore, when construed together, these statutes proscribe with sufficient exactness appellant's type of conduct while not impeding upon constitutionally protected speech.

Accordingly, we overrule this final assignment.

For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is hereby affirmed, and we remand this cause to that court for execution of sentence.

PUTMAN, P.J., concurs.

MILLIGAN, J., dissents.

MILLIGAN, J., dissenting.

I would sustain each of the assignments of error and reverse the judgment of the Delaware County Common Pleas Court for the reasons stated in the opinion of Judge Patrick West in *State v. Culp* (March 28, 1990), Franklin C.P. No. 89-CR-11-5166, unreported, attached and incorporated.